UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MANETIRONY CLERVRAIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:22-CV-110-JRG-JEM |
| ) | |
| SCOTT GOLDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on the Motion for Mitigating *Financial Burden* or ("*IFP*") Constitutional Issues by Massive Issues ["*Right Aggravated*"] Treatment Act [Doc. 1][1] and the pro se Complaint filed by Plaintiff Manetirony Clervrain ("Clervrain") on behalf of himself and many others [Doc. 2]. For the reasons more fully stated below, the undersigned finds that Clervrain shall be allowed to file the Complaint without prepayment of costs; however, the undersigned **RECOMMENDS** that the Complaint [Doc. 1] be dismissed in its entirety.

I. **FILINGS**

Clervrain has filed an Application to Proceed *In Forma Pauperis* ("Application"), with the required detailing of his financial condition [Doc. 1]. Clervrain has also filed a Complaint [Doc. 2] and several motions:

- MOTION FOR ["*ALIEN STATUS*""] OR ["*PAUPERIS STATUS*"] OR CRITERIA TO CONSIDER BY INVOKING THE ANT(s) MOVEMENT ACT ("TAMA");
- MOTION (s) FOR ["*THE ANSWER ACT*"] ("TAA") OR ["*ADDITIONAL DEFENDANTS*"] ACT ("ADA") BY THE TREATIES MOVEMENT PROTECTIVE ACT ("TMPA");

---

[1] The undersigned construes this as a motion for leave to proceed *in forma pauperis*.

- MOTION FOR ["*EXTENTION*", "*EXTENDED PAGES LIMITATIONS*"] OR ["CONTRACT VIOLATIONS OPPOSING JURISDICTION BY THE ANT(s) COMMUNITY ACT ("TACA");
- MOTION FOR EXTRAODINARY REMEDY ACT ("ERA") OR CIRCUMSTANCES TO COMPEL PROCESS BY THE ANT(s) REFORM MULTIPLICITY ACT ("TARMA");
- MOTION FOR "*HUMANITARIAN REASONS*" OR *ASSURE FAMILY UNITY* IN THE PUBLIC INTEREST BY NATIONAL TREATMENT PRINCIPAL ACT ("NTPA");
- MOTION FOR ["*MANIFEST INJUSTICE ACT*"] (MIA) OR ["*ELECTRONIC FILLING ACT*"] OPPOSITION(s) BY SECURE ACADEMIC RESOURCES TECHNOLOGY ACT ("SARTA");
- MOTION FOR ["*OPPINION(S) ACT*"] ("MA") OR ["*FREEDOM ACT*"] ("FA"), OR PAGE LlMITATION, EXTENSION MUST BE GRANTED TO BE ENFORCED BY LAWS.;
- MOTION FOR ["*OPPOSITION(s)*"] OR ["*CRIMINAL INTENT(s)*"] AND/OR ["*MALICIOUS*"] AGAINST FREEDOM OF SPEECH(s), BY THE ANT(s) FREEDOM ACT ("TAFA");
- MOTION FOR ["*RIGHT VENUE ACT*"], ["*BE*"] ["*CLEAR CONSOLIDED ACT*"]) BY VICTIM OF CRIMES AGAINST VARIOUS OFFICIALS APARTHEID;
- MOTION FOR ["*SERVICE OF PROCESS*"] OR ["*DUTY TO MITIGATING ACT*"] BY INVOKING THE ["*NEGLIGENCE OFFICIAL(s)*"] SECRETIVE ACT ("SOSSA");
- MOTION FOR ["*SERVING AGENCIES*"] TO REOPEN ["*QUESTION OF LAWS*"], OR FACTS TO ["*THE ANT(S) REDACTION ACT*"] ("*TARA*") BY ["*PROHIBITING ACT*"] ("PA"); and
- MOTION FOR *SETTLEMENT AGREEMENT*(s) AGAINST SECRETIVE CRIMINALS BY INKOKING THE NATIONAL REGULATORY TREATIES ACT ("NIRTA").

[Docs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15].

## II. ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court must sua sponte dismiss a matter under 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss the case at any time if [it] determines that . . . the action . . .

2

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

As an initial matter, none of the other Plaintiffs in this action have signed the Complaint or submitted applications to proceed *in forma pauperis*. Clervrain is not an attorney at law, nor is he admitted to the Bar of this Court; thus, he may represent only himself. *See* 28 U.S.C. § 1654; *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." (citation omitted)). The Court will therefore conduct a review of indigence and of the merits of this action only as to Clervrain.

### A.  Review of Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

Here, Clervrain's Application and economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. It appears to the Court that Clervrain's Application sets forth grounds for proceeding *in forma pauperis*. The Application demonstrates that Clervrain has little income and few assets and is unable to pay such fees. Accordingly, the Application to Proceed *In Forma Pauperis* [**Doc. 1**] is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

B.     Review of the Merits

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if the complaint fails to state a claim upon which relief can be granted or if the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court has reviewed Clervrain's Complaint and his numerous motions. Clervrain identifies multiple Plaintiffs—who Clervrain may not represent—and multiple Defendants, including various officials of the Republican Party. As for the substance of his filings, they appear to be almost completely devoid of any comprehensible factual allegations. The Court finds that

the analysis of the Western District of Michigan, which has recently addressed another action filed by Clervrain, applies here:

> In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Plaintiff has filed a number of similar suits in district courts throughout the country. *See e.g.*, *Clervrain v. Nejen*, No. 20-cv-134, 2020 WL 2104934 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 WL 1977392 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, 2018 WL 5281366 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty case in various federal courts across the country.") As other courts have stated, Plaintiff's complaints "'contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief.'" *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 WL 1975083, at *2 (quoting *Clervrain v. Coraway*, No. 3:18-cv-819-G-BN, 2018 WL 6313216, at *2 (N.D. Tex. Nov. 9, 2018)).
>
> Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant[s].

*Clervrain v. Sawyer*, No. 1:20-cv-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020).

Having conducted the review required by 28 U.S.C. § 1915(e)(2), the undersigned recommends that Clervrain's Complaint be dismissed for failure to state a claim on which relief may be granted and because the action appears to be frivolous.

The undersigned has considered whether it would be appropriate to provide Clervrain an opportunity to amend his complaint but finds that an amendment would likely be futile. In Clervrain's action in the District of Montana, the court afforded Clervrain an opportunity to amend his complaint that was similarly deficient. *Clervrain v. Daines*, No. CV 21-137-BLG-SPW, 2022 WL 425065, at *1 (D. Mont. Feb. 11, 2022). Clervrain was instructed to "concisely state, as to each defendant he intends to sue, what that defendant did or failed to do, when and where, and how Clervrain was harmed by the defendant's act or omission to act[;]" however, Clervrain resubmitted the same pleading and failed to cure the defects in his original filing. *Id.* Given Clervrain's conduct and filings in the District of Montana—and in numerous other districts for that matter—the undersigned does not have confidence that affording Clervrain an opportunity to amend would be worthwhile in this case.

### III. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. 1**] well taken, and it is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint [Doc. 2] in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the Complaint be **DISMISSED** in its entirety such that none of the

---

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting

claims or pending motions proceed beyond the initial screening phase, as Plaintiff has failed to state a plausible claim for relief and the action appears to be frivolous.

                Respectfully submitted,

                */s/ Jill E. McCook*
                Jill E. McCook
                United States Magistrate Judge

---

*Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7

Case 3:22-cv-00110-JRG-JEM   Document 16   Filed 04/25/22   Page 7 of 7   PageID #: 541